**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARNELL UPSHAW,** | : | |
| **Petitioner** | : | |
| | : | **CIVIL ACTION NO. 3:22-1415** |
| **v.** | : | |
| | | **(Judge Mannion)** |
| **WARDEN J. SAGE,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

## I. Background

Petitioner, Darnell Upshaw, an inmate confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The filing fee has been paid. (Doc. 5). Petitioner challenges the medical care he is receiving for his diabetes. (Doc. 2). Specifically, he claims that he is not "receiving adequate medical care concerning his insulin dependent diabetes" and "accordingly he seeks his immediate release." Id.

For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

1

II.     **Legal Standard**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

### III.   Discussion

Federal law provides two (2) main avenues of relief for complaints related to incarceration: petitions for a writ of habeas corpus and civil rights complaints. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas, "requests for relief turning on circumstances of confinement" are the province of a civil rights action. See id. (internal citation omitted); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (explaining that "whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—[the challenge] must be brought by way of a habeas corpus petition[,]" but "[c]onversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate").

In the instant matter, Petitioner has pursued the habeas corpus avenue under 28 U.S.C. §2241. (Doc. 1.) Generally speaking, §2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote

3

omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that 28 U.S.C. §2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the United States Court of Appeals for the Third Circuit has defined this phrase to mean "put into effect" or "carry out" see id. at 243 (citation and internal quotation marks omitted).

As a result, a federal inmate may challenge conduct undertaken by the United States Bureau of Prisons ("BOP") that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under §2241, where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence). A federal inmate may also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." See, e.g., Cardona, 681 F.3d at 536-37 (providing that a federal inmate's petition is actionable under §2241, where the inmate attacks the execution of his sentence by showing that the BOP acted in a way that is "inconsistent with a command or recommendation in the [inmate's] sentencing judgment").

Applying these principles here, the Court finds that Petitioner's sole ground for relief does not concern the execution of his sentence—that is, it does not challenge how prison officials at FCI-Schuylkill are carrying out or putting into effect his federal sentence. See Woodall, 432 F.3d at 243. Instead, Petitioner's sole ground for relief challenges the circumstances or the conditions of his confinement. (Doc. 1.) As discussed above, however, such challenges are the province of a civil rights action, not habeas corpus. See Muhammad, 540 U.S. at 750 (explaining that "requests for relief turning on circumstances of confinement" are the province of a civil rights action). Thus, the Court concludes that Petitioner's sole ground for relief is not cognizable in a habeas corpus petition brought under 28 U.S.C. §2241.

Accordingly, the Court will dismiss the instant §2241 petition for lack of jurisdiction. See Cardona, 681 F.3d at 537-38 (affirming district court's conclusion that it lacked jurisdiction over a federal inmate's habeas corpus petition brought under 28 U.S.C. §2241, where the inmate's petition did not concern how the BOP was carrying out or putting into effect the inmate's federal sentence); Velez v. Howard, No. 19-cv-1648, 2019 WL 4687290, at *1-2 (M.D. Pa. Sept. 26, 2019) (dismissing a 28 U.S.C. §2241 petition, where the federal inmate "challenge[d] the adequacy of the medical care

administered by the medical staff at FCI-Allenwood (Medium)[,]" and sought

"specified injunctive relief" related to receiving specialized medical care).

## IV.   <u>Conclusion</u>

For the reasons stated above, the petition for a writ of habeas corpus

will be **DISMISSED**. An appropriate order will follow.


<u>s/ Malachy E. Mannion</u>
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 28, 2022**
22-1415-01